■ George M. Dahlin, Appellant, v. Albert Alfredo, Respondent.— In an action by the owner of real property against the holder of a bond and mortgage purporting to have been executed by such owner, for a judgment: (a) declaring that the bond and mortgage are forgeries, that the mortgage is null and void and that it is not a valid and subsisting lien upon plaintiff's property; and (b) directing defendant to deliver said bond and mortgage to plaintiff for cancellation; in which the defendant has counterclaimed for judgment declaring that the bond and mortgage are valid and that the mortgage is a subsisting lien upon plaintiff's property, the plaintiff appeals: (1) from a judgment of the Supreme Court, Westchester County, rendered May 9, 1960 (and entered May 11, 1960), after a nonjury trial, dismissing his complaint and declaring that the mortgage is a valid and subsisting lien on his property and that its terms are sufficient to create the debt secured by it; and (2) from an order of said court, made the same day, denying plaintiff's motion, pursuant to section 549 of the Civil Practice Act, to set aside the decision and for a new trial. The judgment and order are incorporated in one document. Judgment (as embraced in the second, third, fourth and fifth decretal paragraphs of the combined judgment and order) reversed on the law and the facts, without costs, and judgment directed dismissing the defendant's counterclaim and, as prayed for in the complaint: (1) declaring that the mortgage herein is null and void and not a valid or subsisting lien upon plaintiff's real property described in the complaint; (2) directing defendant to deliver said bond and mortgage to the plaintiff for cancellation; (3) directing the County Clerk of Westchester County to cancel said mortgage of record; and (4) enjoining defendant from transferring, selling or assigning said bond and mortgage and from taking any action to foreclose said mortgage or to collect the amount purporting to be due under said bond and mortgage. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Appeal from order (as embraced in the first decretal paragraph of the combined judgment and order) dismissed as academic. It was conceded and established upon the trial that the indorsement on the $6,000 check delivered by defendant on the security of the bond and mortgage, and the signature on the bond were forgeries of the plaintiff's name. It was also proved that plaintiff never received any part of the $6,000 advanced by defendant, nor any other consideration from the defendant. It further appears that, while plaintiff did sign his name to the instrument purporting to be a mortgage on his real property, he never intended to sign a mortgage and that he was deceived into signing it. Plaintiff, therefore, established a prima facie case (cf. *Marden* v. *Dorthy*, 169 N. Y. 39); and, since

defendant failed to offer any proof to rebut it, plaintiff is entitled to judgment in his favor. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.